UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ORLANDO VEGA | CIVIL ACTION |
| VERSUS | NO: 16-751 |
| AUTUMNWOOD HOMES, INC. | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is Defendant Autumnwood Homes, Inc.'s (Autumnwood) Motion to Set Aside Entry of Default **(R. Doc. 13)**, and a reply thereto filed by Plaintiff Orlando Vega **(R. Doc. 15)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This suit pertains to the sale of allegedly defective immovable property and improvements. (R. Doc. 1.) Specifically, Plaintiff alleges that he purchased property from Defendant and that an occupancy permit not was issued to Defendant by the City of New Orleans. *Id.* Plaintiff further alleges that the house constructed on the property failed a city inspection. *Id.* On January 28, 2016, Plaintiff filed suit against Defendant for violations of Louisiana Civil Code Article 2545. (R. Doc. 1.) On May 20, 2016, an entry of default was entered against Defendant for failure to file a responsive pleading. (R. Docs. 6, 7.)

1

Thereafter, Defendant filed a motion to set aside the entry of default. (R. Doc. 13.) In short, Defendant argues that it was not properly served under Federal Rule of Civil Procedure 4(h) or under Louisiana Code of Civil Procedure Article 1261. (R. Doc. 13-4 at 2.) Plaintiff filed a timely opposition to Defendant's motion and argues that Plaintiff requested a waiver of service, which was denied, and thereafter Defendant avoided service. (R. Doc. 15.) Defendant's motion is now before the Court on the briefs and without oral argument.

## LEGAL STANDARD AND DISCUSSION

A motion to set aside an entry of default is more commonly granted than a motion to set aside a default judgment. *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008); *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). "The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). Courts consider three factors to determine whether "good cause" exists to set aside an entry of default: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defense is meritorious. *Hancock Bank v. Oller*, No. 14-1300, 2016 WL 301695, at *2 (E.D. La. Jan. 25, 2016). The burden of proof is on the party

asserting the sufficiency of the process and service at issue. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013).

Defendant Autumnwood is an Ohio corporation, authorized to do business in Louisiana. (R. Doc. 13 at 1.) Plaintiff asserts that he initially mailed a "Notice of a Lawsuit and Request to Waive Service of a Summons via certified mail to Autumnwood at the residence of Brad E. Halley, 25 Ravine Road, Powell, Ohio." (R. Doc. 15 at 1.) Mr. Halley is Autumnwood's registered agent for service of process. (R. Doc. 13 at 1.) Plaintiff claims that Mr. Halley refused to waive formal service of process. *Id.* Plaintiff then hired a local process server in Ohio to personally serve Mr. Halley at his home. *Id.* The process server attempted to serve Mr. Halley at his home, but Plaintiff alleges that Mr. Halley refused to answer the door and was evading service. *Id.* Thereafter, Plaintiff sent a process server to serve Mr. Halley at Autumnwood's place of business at 640 Bear Run Lane, Lewis Center, Ohio. *Id.* at 2. Mr. Halley was not present when the process server attempted service.[1] The process server attempted to serve an individual at Autumnwood's place of business, but this individual refused to accept service on behalf of Autumnwood or Mr. Halley. Thereafter,

---

[1] Defendant submitted the affidavit of Matthew Wyman in support of its motion. Mr. Wyman was the person Plaintiff's process server attempted to serve, presumably believing Mr. Wyman was an Autumnwood employee. Mr. Wyman declares that he is not an employee of Autumnwood and was not authorized to receive any papers on behalf of Mr. Halley. (R. Doc. 13-3.)

3

the process server taped the service of process documents on the outside of Autumnwood's office.

Defendant argues that it was not properly served pursuant to Rule 4(h) of the Federal Rules of Civil Procedure. Defendant did not address the three "good cause" factors to set aside an entry of default. However, if Defendant was not properly served, "good cause" exists and the entry of default shall be set aside. *See Smith v. Woman's Hosp.*, No. 14-500, 2015 WL 2357127, at *4 (M.D. La. May 15, 2015). Rule 4(h) of the Federal Rules of Civil Procedure governs service of a domestic corporation. Fed. R. Civ. P. 4(h). Rule 4(h) provides in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> **(1)** in a judicial district of the United States:
>   **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant

Defendant has not waived formal service of process. (R. Doc. 15 at 1.) Further, Plaintiff has not demonstrated nor argued that he has complied with Rule 4(h)(1)(B). *See* (R. Doc. 15.) Thus, unless Plaintiff has properly served Defendant pursuant to Rule

4

4(h)(1)(A) and Rule 4(e)(1), then the entry of default shall be set aside.

Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located in Louisiana, Louisiana Code of Civil Procedure Article 1261 governs service on domestic or foreign corporations. Article 1261 provides:

> **(A)** Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
> **(B)** If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
>   **(1)** By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
>   **(2)** By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
>   **(3)** By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.
> **(C)** Service of citation or other process on a bank is made pursuant to R.S. 6:285(C).

La. Code Civ. Proc. art. 1261. Thus, service on Autumnwood is proper under the Louisiana Code of Civil Procedure if made by personal service on its agent for service of process. Plaintiff has not demonstrated that this occurred. In fact, Plaintiff makes

clear that he has not served Mr. Halley, Defendant's agent for service of process. But service would also be proper on Autumnwood by personal service on any employee of suitable age and discretion where Autumnwood regularly conducts business. However, the person served at Autumnwood's place of business was not an employee of Autumnwood. *See* (R. Doc. 13-2.) Accordingly, Plaintiff has not properly served Defendant pursuant to the Louisiana Code of Civil Procedure.

Service would also be proper under Federal Rule 4(e)(1) if Plaintiff followed the procedures set forth in the state where service was made, *i.e.*, Ohio. Fed. R. Civ. P. 4(e)(1). Rule 4.2(F) of the Ohio Rules of Civil Procedure provides that service of process upon a domestic or foreign corporation shall be made by "serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under" Rule 4.1(A)(1); "or by serving an officer or a managing or general agent of the corporation." Ohio Rev. Code § 4.2(F). As described above, Plaintiff did not serve Defendant's agent for service of process, nor has Plaintiff argued or demonstrated that he properly served an officer or a managing or general agent of Autumnwood. Thus, to have properly served Autumnwood pursuant to the Ohio Rules of Civil Procedure, Plaintiff must have properly served Autumnwood pursuant to Ohio Rule 4.1(A)(1). Rule 4.1(A)(1) provides that a corporation

6

may be served at any of its usual places of business by United States certified or express mail, or by commercial carrier. Ohio Rev. Code § 4.1(A)(1); *Meyer v. GMAC Mortg.*, No. 06-877, 2007 WL 2773653 (Ohio Ct. App. Sept. 25, 2007). Plaintiff has not argued nor demonstrated that he has issued service by certified or express mail, nor that he has issued service by common carrier. Further, Plaintiff has not demonstrated that taping documents to the outside of Autumnwood's place of business was proper under the Ohio Rules of Civil Procedure. Thus, the entry of default must be set aside. *See Shabazz*, 515 F. App'x at 264 ("The burden of proof is on the party asserting the sufficiency of the process and service at issue.").

Defendant has not argued Plaintiff's complaint be dismissed without prejudice for improper service. However, Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff filed his complaint on January 28, 2016, thus the ninety-day period has expired. Accordingly, the Court exercises its discretion to grant Plaintiff an additional ninety (90) days to properly serve Defendant Autumnwood in accordance with the Federal Rules of Civil Procedure. This Order shall serve

as notice to Plaintiff that if service is not properly executed on Defendant Autumnwood, Plaintiff's claims may be dismissed without prejudice. *See Lindsey*, 101 F.3d at 446.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Set Aside Entry of Default* **(R. Doc. 13)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is hereby granted an additional **ninety (90) days from the entry of this Order** to properly serve Defendant Autumnwood Homes, Inc. in conformity with the Federal Rules of Civil Procedure. This Order shall stand as notice to Plaintiff pursuant to Rule 4(m) of the Federal Rules of Civil Procedure that if service is not properly executed on Defendant, Plaintiff's claims may be dismissed without prejudice.

New Orleans, Louisiana this 9th day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE