UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ORLANDO VEGA                                CIVIL ACTION

VERSUS                                      NO: 16-751

AUTUMNWOOD HOMES, INC.                      SECTION: "J"(1)

**ORDER & REASONS**

Before the Court is Defendant, Autumnwood Homes, Inc.'s ("Defendant") *Motion to Dismiss for Failure to State a Claim, Summary Judgment, or Failure to Join a Necessary Party* **(R. Doc. 22)**, an opposition (R. Doc. 26) thereto filed by Plaintiff, Orlando Vega ("Plaintiff"), and a reply (R. Doc. 31) by Defendant. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART.**

**FACTS AND PROCEDURAL BACKGROUND**

This litigation arises from the sale of an allegedly defective home located in New Orleans, Louisiana. *See* (R. Doc. 1.) On June 3, 2015, Plaintiff purchased a home and its improvements from Defendant. *Id.* at 2. Plaintiff alleges that after he purchased the home, he discovered that an occupancy permit was not issued by the City of New Orleans. *Id.* Further, Plaintiff alleges that he discovered the property failed a city inspection. Plaintiff asserts that despite failing the city inspection, Defendant

1

"closed in the walls of the house and proceeded to" sell the property to Plaintiff. *Id.* at 3. Plaintiff now seeks rescission of the contract and damages. *Id.*

On January 4, 2017, Defendant filed the present motion to dismiss. (R. Doc. 22.) Defendant argues that Plaintiff has failed to state a claim for redhibition under Louisiana law, and that Plaintiff purchased the home "as is" and is not entitled to rescission. Plaintiff argues that he has stated a claim for redhibition, and further argues that the "as is" clause does not insulate Defendant from liability for fraudulent concealment of defects in the property. *Id.* at 2. Defendant's motion is now before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr.*

2

*Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

Defendant argues that Plaintiff has failed to properly plead a claim for redhibition, and argues that Plaintiff's complaint does not plead any facts to support a claim for fraudulent concealment. Defendant further argues that the parties' agreement contained a valid waiver of redhibitory defects. (R. Doc. 22-1 at 2.) Defendant asserts that Plaintiff waived his redhibition claim by signing the act of sale which contained the following language:

>  WARRANTY OR AS IS CLAUSE WITH WAIVER OF REDHIBITION:
>  B. SALE "AS IS" WITHOUT WARRANTIES: The SELLER and the BUYER hereby acknowledge and recognize that the Property being sold and purchased is to be transferred in "as is" condition and further the BUYER does hereby waive, relieve and release the SELLER from any claims or causes of action for redhibition pursuant to Louisiana Civil Code Article 2520, et seq., and Article 2541, et seq. or for reduction of Sale Price pursuant to Louisiana Civil Code Article 2541, et seq. Additionally, the BUYER acknowledges that this sale is made without warranty of fitness for ordinary or particular use pursuant to Louisiana Civil Code Article 2524. The SELLER and the BUYER agree that this clause shall be made a part of the Act of Sale.

(R. Doc. 22-2 at 4.)

Under Louisiana law, a "seller warrants the buyer against redhibitory defects, or vices, in the thing sold." La. Civ. Code art. 2520. "A defect is redhibitory when it renders the thing useless, or its use so inconvenient it must be presumed that a buyer would not have bought the thing had he known of the defect." *Id.* In such a case, the buyer retains the right to obtain rescission of the sale. *Id.* However, a defect is also redhibitory when, without rendering the thing totally useless, it diminishes its usefulness or value so that it must be presumed that a buyer would still have bought it but for a lesser price. *Id.* Under these circumstances, the buyer is limited to a reduction in the price of the thing purchased. *Id.*

A seller however owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent

4

buyer of such things. La. Civ. Code art. 2521. If a buyer believes that the thing suffers from a redhibitory defect, she must give the seller notice of the existence of the redhibitory defect and allow the seller to make the required repairs. *Id.* If a buyer fails to give such notice, and the seller can show that the defect could have been repaired, or that repairs would have been less burdensome had the buyer received timely notice, the buyer suffers diminution of the warranty against redhibitory defects. *Id.* However, such notice is not required when the seller has actual knowledge of the existence of a redhibitory defect in the thing sold. *Id.* If a seller knows the thing he sells has a defect but omits to declare it, or a seller declares that the thing has a quality that he knows it does not have, the seller is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney's fees. La. Civ. Code art. 2545.

Under Louisiana law, parties may agree to exclude or limit the warranty against redhibitory defects. *See* La. Civ. Code art. 2548. The terms of such exclusion or limitation must be clear and unambiguous and brought to the attention of the buyer. *Id.* The seller bears the burden of proving the warranty against redhibitory defects has been waived, *Tyson v. Brentley Merchand*, 2014-1767 (La. App. 1 Cir. 6/5/15); 2015 WL 3548159, at *5 (citing *Bo-Pic*

*Foods, Inc. v. Polyflex Film and Converting, Inc.*, 95-0889 (La. App. 1 Cir. 12/15/95); 665 So. 2d 787, 791), and these exclusions or limitations are strictly construed against the seller, *Id.* A buyer is not bound by an otherwise effective exclusion or limitation when the seller has declared that the thing has a quality that he knew it did not have. La. Civ. Code art. 2548. Thus, an otherwise effective exclusion or limitation on the warranty against redhibitory defects is ineffective if the seller commits fraud, as defined by the Louisiana Civil Code, upon the buyer. *Tyson*, 2015 WL 3548159, at *5 (quoting *Shelton v. Standard/700 Assocs.*, 2001-0587 (La. 10/16/01); 798 So. 2d 60, 64). This is because a contract is only formed by consenting parties, and fraud is a vice of consent. *See* La. Civ. Code art. 1948. Fraud is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may result from silence or inaction. La. Civ. Code art. 1953. An exception to the general rule is that fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. La. Civ. Code art. 1954.

  Plaintiff alleges that after he purchased the property he discovered that an occupancy permit had never been issued and that the house failed a city inspection. (R. Doc. 1 at 2-3.) Plaintiff

then merely cites to Louisiana Civil Code Article 2545 and recites its language. *Id.* at 3. Assuming for purposes of this motion that not having an occupancy permit[1] and failing a city inspection are redhibitory defects, Plaintiff has failed to plead that the defect has rendered the property useless or so inconvenient it must be presumed that he would not have purchased it had he known of these defects. *See* La. Civ. Code art. 2520. Further, Plaintiff has failed to plead that Defendant knew the property did not have an occupancy permit and knew the property failed a city inspection. *See* La. Civ. Code art. 2545. Plaintiff also failed to plead that he did not know, and could not have reasonably discovered, that these defects existed prior to purchasing the property. *See* La. Civ. Code art. 2521. However, Plaintiff's opposition to Defendant's motion to dismiss argues, for the first time, that Defendant fraudulently concealed these "defects." (R. Doc. 26 at 2-3.)

Plaintiff's Complaint fails to state a claim for relief for redhibition and must therefore be dismissed. However, Plaintiff is granted leave to amend his Complaint within thirty (30) days of the entry of this Order if he can plausibly state a cause of action under the Louisiana law of redhibition and an exception for the waiver against redhibitory defects. However, this Order makes no determination as to the validity of the parties' alleged waiver.

---

[1] Plaintiff admits that he has obtained an occupancy permit, but he still seeks to rescind the sale.

While Defendant also asks the Court to grant summary judgment in its favor under Federal Rule of Civil Procedure 56, the Court shall defer ruling on this portion of Plaintiff's motion at this time. *See* Fed. R. Civ. P. 56, advisory committee's note (b) to 2010 amendment (noting that although summary judgment motions may be filed at the commencement of an action, in many cases the motion is premature until pretrial proceedings have begun). Plaintiff filed this lawsuit in January of 2016. (R. Doc. 1.) Plaintiff was granted an entry of default in May, 2016. (R. Doc. 7.) On September 2, 2016, Plaintiff notified the Court that it was engaged in settlement discussions with Defendant. (R. Doc. 12.) On November 9, 2016, the Court granted Defendant's motion to set aside the entry of default finding Defendant was not properly served. (R. Doc. 16.) The Court granted Plaintiff an additional ninety (90) days to properly serve Defendant. *Id.* Defendant filed an answer to Plaintiff's Complaint on January 3, 2017, and filed the present motion to dismiss on January 4, 2017. (R. Docs. 13, 14.) Thus, Defendant's motion for summary judgment is premature as the Court has yet to set a Scheduling Order and the case is still in its early stages.

Finally, Defendant argues that Plaintiff has failed to join an indispensable party. (R. Doc. 22-1 at 5-6.) Defendant argues that Pulver Equities, LLC ("Pulver") signed the agreement as an

8

agent of Defendant. (R. Doc. 22-2 at 7.) Defendant argues that Pulver was the general contractor for all construction of the property at issue. Defendant states that it "only served as the holding company for funds for the purchase of the property and retained title under the Act of Sale." (R. Doc. 22-1 at 5.) Thus, Defendant argues that "plaintiff interacted only with [Pulver] and its subcontractors and agents." *Id.* Defendant asserts that the only entity involved in the city inspection was Pulver. In response, Plaintiff argues that the public records do not reflect that Pulver had any ownership interest in the property. Accordingly, Plaintiff argues that Pulver is not a necessary party to this litigation and his claim is against the seller of the property, Defendant, for rescission of the agreement and damages for failing to disclose, and fraudulently concealing, the property's alleged defects.

Federal Rule of Civil Procedure 19 requires the joinder of any party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. Pulver is not an indispensable party to this litigation. Plaintiff seeks rescission of the sale and any damages he may be entitled to pursuant to Louisiana law for Defendant's alleged failure and concealment of certain defects. From the facts presently before the Court, Pulver is not needed to afford Plaintiff the full relief he requests.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(R. Doc. 22)** is **GRANTED IN PART**. Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to amend his Complaint **within (30) days** of the entry of this Order, if he can plausibly state a cause of action under the Louisiana law of redhibition.

New Orleans, Louisiana this 16th day of February, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE