UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ORLANDO VEGA                                CIVIL ACTION

VERSUS                                      NO: 16-751

AUTUMNWOOD HOMES, INC.                      SECTION: "J"(1)


**ORDER & REASONS**

**NATURE OF MOTION AND RELIEF REQUESTED**

Before the Court is Defendant Autumnwood Homes, Inc.'s *Motion for Attorney's Fees and Costs* **(Rec. Doc. 38)** and an opposition thereto filed by Plaintiff Orlando Vega. (Rec. Doc. 39.) Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

On or about June 3, 2015, Plaintiff bought a home from Defendant for $335,000.00, but later discovered that the City of New Orleans had refused to issue an occupancy permit to Defendant because the home had failed a City Inspection.[1]

On January 28, 2016, Plaintiff filed suit in this Court against Defendant for a breach of the warranty against redhibitory defects, alleging that Defendant knew of the defects to the home

---

[1] In order to perfect this sale, Plaintiff and Defendant entered into a Purchase Agreement, and then subsequently, an Act of Sale. Plaintiff alleges that it was only after the completion of the Act of Sale that the redhibitory defects became apparent.

1

but failed to declare them. Plaintiff sought rescission of the sale and return of his purchase price of $335,000.00, as well as payment for other damages. On May 10, 2016, the Court granted Plaintiff's *Ex Parte Motion for Entry of Judgment* against the Defendant. (Rec. Doc. 38 at 1.) However, the Court later set aside the judgment due to faulty service and granted Plaintiff additional time for proper service. (Rec. Doc. 38.) Service was perfected on December 16, 2016. (Rec. Doc. 38.) On February 16, 2017, the Court granted Defendant's *Motion to Dismiss for Failure to State a Claim* in part and also granted Plaintiff additional time to amend his pleadings. (Rec. Doc. 32.) After Plaintiff failed to amend, Defendant filed a *Motion for Involuntary Dismissal for Plaintiff's Failure to Amend Suit* on April 18, 2017. (Rec. Doc. 33.) On May 12, 2017, the Court granted Plaintiff yet another extension of time (fourteen days) to amend his pleadings. (Rec. Doc. 34.) On June 9, 2017, after Plaintiff failed to amend, the Court, *sua sponte*, entered final judgment for Defendant and dismissed the Plaintiff's claims with prejudice. (Rec. Doc. 35.)

Now, Defendant seeks attorney's fees in the amount of $8,168.75, calculated at a rate of $175.00 per hour at 46 hours of work. (Rec. Doc. 38 at 4.) Plaintiff filed an opposition to the motion. (Rec. Doc. 39.) The motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

Defendant argues that attorney's fees may properly be awarded because Defendant has specifically pled for attorney's fees in its answer, timely filed a motion pursuant to FRCP 54(d), and complied with FRCP 9(g). Defendant claims that it is entitled to attorney's fees pursuant to the Purchase Agreement between the parties.[2] Defendant also states that "the time and work done by Autumnwood's counsel was fully justifiable and proved to be consistent with the rules of court and the applicable law."

Plaintiff contends that Defendant is not entitled to attorney's fees. Plaintiff argues that under the "American Rule," parties may not receive attorney's fees unless they are provided for by a statute or contract. (Rec. Doc. 39 at 2.) Plaintiff states that he brought this lawsuit pursuant to the Act of Sale, yet Defendant is asking for attorney's fees pursuant to the Purchase Agreement. Further, Plaintiff argues that the Purchase Agreement was rendered moot when the parties perfected the sale via the Act of Sale.

Plaintiff also argues that the amount of attorney's fees requested by Defendant, specifically, the 7.9 hours billed at $1,387.50 for "legal research and preparation" for Defendant's

---

[2] The Purchase Agreement provides: "The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and cost. The Buyer may also be liable for broker's fees." (Rec. Doc. 38 at 3.)

*Motion and Memo for Involuntary Dismissal for Plaintiff's Failure to Amend Suit* (Rec. Doc. 33), are "clearly frivolous" and were incurred by counsel's "own fault." Plaintiff explains that Defendant's motion was unnecessary because the Court, of its own volition, gave the Plaintiff time to amend his suit and stated it would automatically dismiss the suit if Plaintiff failed to amend. Finally, Plaintiff states that any amount it is required to pay for attorney's fees should be offset by the amount Plaintiff was required to spend in order to hire a special process server to serve Defendant with the complaint. Plaintiff claims he was forced to hire a special process server because Defendant refused to execute the waiver of service during several repeated attempts.

## DISCUSSION

As a preliminary matter, the Court must determine whether Defendant's motion is properly before the Court. Attorney's fees are classified as "special damages" and must be specifically requested under Federal Rule of Civil Procedure 9(g). *See e.g., Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843 (3d Cir. 1973). FRCP 54(d)(2) further controls in motions for attorney's fees and states that "claim[s] for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Unless a court or statute otherwise provides, the motion shall "be filed no later than 14 days after the entry

4

of judgment" and should "specify the judgment and the statute rule, or other grounds entitling the movant to the award," as well as "state the amount sought or provide a fair estimate of it." FRCP 54(d)(2)(i-iii). Here, Defendant has met the procedural requirements of FRCP 9(g) and 54(d)(2), therefore, Defendant's motion is properly before the Court.

Attorney's fees may only be awarded if provided for by statute or contract. *See, e.g. Rhodes v. Collier*, 215 La. 754, 764 (1949) ("The ordinary rule is that attorneys' fees are not recoverable in a civil action in the absence of statute or contract."); *Health Educ. & Welfare Fed. Credit Union v. Peoples State Bank*, 2011-672, pp. 5-6 (La. App. 3 Cir. 12/7/11); 83 So. 3d 1055, 1058 ("Attorney fees are only recoverable when authorized by statute or contract.").

Defendant does not put forth any statute that would support an award of attorney's fees in this case. Instead, Defendant argues that it is entitled to attorney's fees pursuant to the Purchase Agreement between the parties. Plaintiff, on the other hand, argues that he brought this litigation pursuant to the Act of Sale. Thus, Plaintiff argues that the controlling contract is the Act of Sale, not the Purchase Agreement. (Rec. Doc. 39 at 2-3.)

There are two relevant contracts in this case: the Purchase Agreement and the Act of Sale. A Purchase Agreement is a bilateral promise of sale or contract to sell, otherwise defined as "an

5

agreement whereby one party promises to sell and the other promises to buy a thing at a later time, or upon the happening of a condition, or upon performance of some obligation by either party." La. Civ. Code art. 2623. In contrast, an Act of Sale, or contract of sale, transfers ownership of immovable property upon the perfection of the sale, or the meeting of the minds. *See e.g.*, La. Civ. Code art. 2456 ("Ownership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid."); La. Civ. Code art. 1839 ("A transfer of immovable property must be made by authentic act or by act under private signature."). The "[A]ct of [S]ale represents 'the conclusion of the negotiation process and embodies the final expression of the parties' intent.'" *Long-Fork, L.L.C. v. Petite Riviere, L.L.C.*, 2007-1316, p. 9 (La. App. 3 Cir. 6/11/08); 987 So. 2d 831, 837 (citing *Esplanade Management, Ltd. v. Sajare Interests*, 498 So. 2d 289, 292 (La. App. 4 Cir. 1986)). Contracts have the effect of law between parties, and the Court is bound to interpret them according to the parties' "common intent." *See e.g., Lalla v. Calamar, N.V.*, 2008-0952, p. 7-8 (La. App. 4 Cir. 2/11/09); 5 So. 3d 927, 932 (citing La. Civ. Code arts. 1983 and 2045). "If the words of a contract are clear, unambiguous, and lead to no absurd consequences, the court need not look beyond the contract language to determine the true intent of the parties." *Id*. (citing La. Civ.

6

Code art. 2046). "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Id*. (citing La. Civ. Code art. 2050). When a contract is unambiguous "or does not lead to absurd consequences," it shall be enforced as written. *Id*. (citing *American Deposit Ins. Co. v. Myles*, 2000-2457, p. 5 (La.4/25/01); 783 So.2d 1282, 1286).

The instant Purchase Agreement clause, relied on by Defendant, states: "The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and cost." (Rec. Doc. 38-1 at 3.) The language within the four corners of the Purchase Agreement implies that this clause was meant to grant attorney's fees should the parties need to enforce a specific provision of *the Purchase Agreement*. It does not imply that the clause controls in all lawsuits between the parties brought pursuant to any document signed by them. Plaintiff brought this suit pursuant to the Act of Sale due to redhibitory defects discovered after the sale was completed. The instant provision, plainly read within the four corners of the document, was not intended to grant attorney's fees under these circumstances.

Defendant provides no case law that supports granting attorney's fees pursuant to a Purchase Agreement when the parties

7

have a fully executed Act of Sale.[3] Cases involving the enforcement of a provision identical to the one at hand all stem from a party's failure to complete the Act of Sale by the date provided in the Purchase Agreement or otherwise agreed upon by the parties. *See Whitbeck v. Champagne*, 2014-245, p. 4, 11-19 (La. App. 3 Cir. 10/1/14); 149 So. 3d 372, 376-79, 84-85 (reviewing the amount of attorney's fees awarded pursuant to provision in the Purchase Agreement after the buyers refused to follow through with finalizing the sale of a home); *Carr v. Whitten*, 2012-758, p. 1-4, n.3 (La. App. 3 Cir. 12/5/12); 104 So. 3d 763, 764-66 n.3 (ordering specific performance of the Purchase Agreement and attorney's fees in favor of the defendants after the plaintiffs refused to sell a mobile home because they lacked proper title); *Ducote v. Katz*, 361 So. 2d 1320 (La. Ct. App.), *writ denied*, 362 So. 2d 1386 (La. 1978) (determining whether the buyers of a home were entitled to attorney's fees pursuant to the Purchase Agreement after the buyers refused the follow through with the Act of Sale).

Defendant has also failed to show that the parties intended to provide for attorney's fees for litigation arising from the Act of Sale. The Act of Sale "embodies the final expression of the parties' intent," and here, it does not include or mention

---

[3] The only case cited by Defendant was *Whitbeck v. Champagne*, however, Defendant fails to argue why *Whitbeck* should be considered by the Court despite its emphasis on Purchase Agreements, not Acts of Sale.

attorney's fees. *See Long-Fork, L.L.C. v. Petite Riviere, L.L.C.*, 2007-1316, p. 9 (La. App. 3 Cir. 6/11/08); 987 So. 2d 831, 837 (citation omitted). Moreover, Louisiana Revised Statute § 37:1449.1[4] requires a Standard Purchase Agreement form be used in all residential sales. The residential standard Purchase Agreement form contains a provision that is identical to the one referenced by Defendant. It states:

> DEFAULT OF AGREEMENT BY BUYER: In the event of any default of this Agreement by the BUYER, the SELLER shall have at the SELLER'S option the right to declare this Agreement null and void with no further demand, or to demand and sue for any of the following: 1) Termination of this Agreement; 2) Specific performance; 3) Termination of this Agreement and an amount equal to 10% of the Sale Price as stipulated damages.
>
> Further, the SELLER shall be entitled to retain the Deposit. *The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and costs. The BUYER may also be liable for Broker fees.*

§ 9:121 *Residential agreement to purchase and sell—Louisiana Real Estate Commission approved form*, 1 *La. Prac. Real Est.* § 9:121 (2d ed.) (emphasis added).[5] Because the instant case began as a

---

[4] Louisiana Revised Statute § 37:1449.1 states:
   A licensee representing either the buyer or seller of residential real property shall complete the purchase agreement form prescribed by the Louisiana Real Estate Commission in making an offer to purchase or sell residential real property. No person shall alter the purchase agreement form; however, addendums or amendments to the purchase agreement form may be utilized.
La. R.S. Ann. § 37:1449.1; *see also* § 5:7 *Definition of contract to sell*, 24 *La. Civ. L. Treatise, Sales* § 5:7.

[5] This form can be found as a PDF in the Louisiana Practice Series on Real Estate Transactions, section 9:121 at page 7.

9

residential sale of a home, the parties would have been required to use this standard form when completing the Purchase Agreement. While Louisiana Revised Statute § 37:1449.1 allows addenda and amendments to be made to the form, the text of the form itself may not be altered. Therefore, the fact that an automatic, legislatively required provision is in the Purchase Agreement does not mean that the parties intended to provide for attorney's fees for litigation relating to the Act of Sale, especially when the provision is not carried over from the Purchase Agreement to the Act of Sale itself.

In conclusion, a plain reading of the contested provision in the Purchase Agreement shows that the provision contemplates attorney's fees from litigation pursuant to the Purchase Agreement, not other documents between the parties like the Act of Sale. Therefore, because the parties in the instant case did not intend to provide for attorney's fees for litigation arising from their Act of Sale, Defendant is not entitled to attorney's fees.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Attorney's Fees and Costs* **(Rec. Doc. 38)** is **DENIED**.

New Orleans, Louisiana this 7th day of November, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE